IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Gary Tyrone Rutledge, | ) | Case No. 8:26-cv-02278-SAC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| Director Hill-Finklea Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding *pro se,* seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On June 12, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return.   ECF No. 8.   Specifically, the Magistrate Judge recommended dismissal because Petitioner has failed to exhaust his administrative remedies for both prior convictions and pending charges; the *Younger* abstention doctrine dictates dismissal; Petitioner's *habeas corpus* action is time barred; and Petitioner has not shown that he is presently "in custody" as required under 28 U.S.C. § 2254(a).   The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.   *Id*. at 23. Petitioner has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. *See Mathews v. Weber*,

---

[1] Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. 2241. However, Section 2254 potentially provides Petitioner an avenue for federal habeas relief. *See* 28 U.S.C. §2254(a). Accordingly, the *habeas corpus* petition is reviewed under both sections and, as outlined below, fails under both for the same reason.

423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. §626(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation modified)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge on all grounds and incorporates it by reference. Accordingly, this action is DISMISSED without prejudice and without requiring Respondent to file an answer or return.

### **CERTIFICATE OF APPEALABILITY**

Under the rules governing § 2254 Cases, the district court must issue or deny a certificate of appealability when the district court enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. These rules also apply to habeas petitions filed pursuant to sections other than § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). Without "a substantial showing of the denial of a constitutional right," the district court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a

constitutional right is made when the district court denies relief on the merits and reasonable jurist would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). The showing is also made when the court denies relief on procedural grounds and the petitioner demonstrates both the dispositive procedural ruling is debatable and the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Having adopted the reasoning in the Report, the Court has determined the legal standard for the issuance of a certificate of appealability has not been met and therefore denies issuing the same.

IT IS SO ORDERED.

_____
United States District Judge

July 22, 2026
Greenville, South Carolina

3